IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| BETTY ENGLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09-CV-1097 |
| FMC CORPORATION, | ) ) ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U. S. MAGISTRATE JUDGE:

This cause is before the Court on Defendant's Notice of Removal [1] and Plaintiff's Averment of Damages [5].

On February 3, 2009, Plaintiff Betty England filed a Complaint in State Court in Stark County, Illinois, against Defendant FMC Corporation, a foreign corporation, alleging employment discrimination under the *Illinois Human Rights Act*. On March 18, 2009, Defendant FMC Corporation filed a Notice of Removal [1], pursuant to 28 U.S.C. §§ 1441, 1446 seeking to remove Plaintiff's State Court case to this Court. In its notice of removal, Defendant asserts that the matter in controversy exceeds $75,000 and

diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, as Plaintiff is an Illinois citizen and Defendant is a Delaware corporation with its principle office in Philadelphia, Pennsylvania.

On March 23, 2009, Plaintiff filed her Averment of Damages [5] stating that she will not seek damages in excess of $75,000.  By text order dated March 23, 2009, the undersigned directed Defendant to file a response, if any, to Plaintiff's averment by April 1, 2009.  That text order advised Defendant that if a response is not filed, the Court will presume no objection and the case would be remanded to State Court.   No timely response has been filed.

Wherefore, based upon Plaintiff's Averment of Damages [5], this Court RECOMMENDS that this case be remanded back to State Court. The Court further RECOMMENDS that each side bear its own attorneys fees and costs herein.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal. Video Views, Inc.

v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).   See Local

Rule 72.2.

ENTER:   April 3, 2009

*s/ Byron G. Cudmore*

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE